UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**STACEY BERNARD MARTIN,**

    *Plaintiff*,

v.    Case No. 5:24-CV-00647-JKP

**THE CITY OF LAS VEGAS, CITY HALL; JUDGE LINDA MARQUIS, DALIA MARINA-HUNT, LEGAL AID CENTER OF SOUTHERN NEVADA, INC.; LEGAL AID CENTER OF SOUTHERN NEVADA, INC., ATTORNEY CAMERON BROWN, FORD FRIEDMAN LAW FIRM; ATTORNEY CHRISTOPHER P. FORD, FORD FRIEDMAN LAW FIRM; ATTORNEY TONY T. SMITH, FORD FRIEDMAN LAW FIRM; KIMBERLY B. HOUSE, KASSANDRA LEVAY, CHILD ADVOCACY; TONJA MICHELLE OCHONMA, CHARLES OCHONMA, JUDGE CHRISTINA VASQUEZ HORTICK, JUDGE ROSIE ALVARADO,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Judge Linda Marquis' ("Judge Marquis") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6). *ECF No. 19*. Judge Marquis complied with the Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam*, *ECF No. 3*, however, Plaintiff Stacey Bernard Martin ("Martin") failed to amend his First Amended Complaint. Instead, Martin filed a Motion to Dismiss Judge Mar-

quis' Motion. *ECF No. 21*. Upon consideration, the Court grants Judge Marquis' Motion. *ECF No. 19*.

## BACKGROUND

In his First Amended Complaint, Plaintiff Stacey Bernard Martin ("Martin"), proceeding *pro se*, asserts sweeping allegations of illegal conduct by the 13 named Defendants, claiming they deprived him of access to his son. *ECF No. 10 at 4–18*. Liberally construed, Martin alleges Defendants—individuals and entities involved in Martin's state-court child custody proceedings—are liable under 42 U.S.C. § 1983 for violating his constitutional rights based upon race and gender. *Id.* Martin further alleges Defendants are liable under various federal and state criminal laws. *Id.* As relief, Martin seeks damages and attorney fees in the amount of $141 million dollars, disbarment of attorneys, and a criminal referral to the United States Department of Justice. *Id.*

In response to Martin's First Amended Complaint, Defendant Judge Linda Marquis ("Judge Marquis") filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6) ("the Motion"). *ECF No. 19*. Judge Marquis filed a Supplement to the Motion, consisting of email correspondence with Martin, detailing compliance with the Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam*. *ECF No. 20*. The email correspondence indicates Judge Marquis and Martin scheduled a telephone conference for September 4, 2024. *Id.* However, Martin did not call in to the telephone conference. *Id.* As a result, Judge Marquis informed Martin she would be filing the Motion. *Id.*

Martin filed a Motion to Dismiss the Motion. *ECF No. 21*. In Martin's Motion to Dismiss the Motion he asserts, among other things, the Court possesses jurisdiction over this matter under 42 U.S.C. § 1983. *Id. at 3*. In a Response, Judge Marquis states Martin's Motion to Dismiss the

quis' Motion. *ECF No. 21*. Upon consideration, the Court grants Judge Marquis' Motion. *ECF No. 19*.

## BACKGROUND

In his First Amended Complaint, Plaintiff Stacey Bernard Martin ("Martin"), proceeding *pro se*, asserts sweeping allegations of illegal conduct by the 13 named Defendants, claiming they deprived him of access to his son. *ECF No. 10 at 4–18*. Liberally construed, Martin alleges Defendants—individuals and entities involved in Martin's state-court child custody proceedings—are liable under 42 U.S.C. § 1983 for violating his constitutional rights based upon race and gender. *Id.* Martin further alleges Defendants are liable under various federal and state criminal laws. *Id.* As relief, Martin seeks damages and attorney fees in the amount of $141 million dollars, disbarment of attorneys, and a criminal referral to the United States Department of Justice. *Id.*

In response to Martin's First Amended Complaint, Defendant Judge Linda Marquis ("Judge Marquis") filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6) ("the Motion"). *ECF No. 19*. Judge Marquis filed a Supplement to the Motion, consisting of email correspondence with Martin, detailing compliance with the Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam*. *ECF No. 20*. The email correspondence indicates Judge Marquis and Martin scheduled a telephone conference for September 4, 2024. *Id.* However, Martin did not call in to the telephone conference. *Id.* As a result, Judge Marquis informed Martin she would be filing the Motion. *Id.*

Martin filed a Motion to Dismiss the Motion. *ECF No. 21*. In Martin's Motion to Dismiss the Motion he asserts, among other things, the Court possesses jurisdiction over this matter under 42 U.S.C. § 1983. *Id. at 3*. In a Response, Judge Marquis states Martin's Motion to Dismiss the

quis' Motion. *ECF No. 21*. Upon consideration, the Court grants Judge Marquis' Motion. *ECF No. 19*.

## BACKGROUND

In his First Amended Complaint, Plaintiff Stacey Bernard Martin ("Martin"), proceeding *pro se*, asserts sweeping allegations of illegal conduct by the 13 named Defendants, claiming they deprived him of access to his son. *ECF No. 10 at 4–18*. Liberally construed, Martin alleges Defendants—individuals and entities involved in Martin's state-court child custody proceedings—are liable under 42 U.S.C. § 1983 for violating his constitutional rights based upon race and gender. *Id.* Martin further alleges Defendants are liable under various federal and state criminal laws. *Id.* As relief, Martin seeks damages and attorney fees in the amount of $141 million dollars, disbarment of attorneys, and a criminal referral to the United States Department of Justice. *Id.*

In response to Martin's First Amended Complaint, Defendant Judge Linda Marquis ("Judge Marquis") filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6) ("the Motion"). *ECF No. 19*. Judge Marquis filed a Supplement to the Motion, consisting of email correspondence with Martin, detailing compliance with the Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam*. *ECF No. 20*. The email correspondence indicates Judge Marquis and Martin scheduled a telephone conference for September 4, 2024. *Id.* However, Martin did not call in to the telephone conference. *Id.* As a result, Judge Marquis informed Martin she would be filing the Motion. *Id.*

Martin filed a Motion to Dismiss the Motion. *ECF No. 21*. In Martin's Motion to Dismiss the Motion he asserts, among other things, the Court possesses jurisdiction over this matter under 42 U.S.C. § 1983. *Id. at 3*. In a Response, Judge Marquis states Martin's Motion to Dismiss the

Motion does not refute her arguments, made in the Motion, the Court lacks personal jurisdiction over her, judicial immunity bars Martin's causes of action, criminal statutes do not confer private rights, and Martin's service was insufficient. *ECF No. 26*.

The Court now addresses the Motion. *ECF No. 19*. The Court construes Martin's Motion to Dismiss the Motion, *ECF No. 21*, as a Response to the Motion. The Court further construes Judge Marquis' Response, *ECF No. 26*, to Martin's Motion to Dismiss the Motion as a Reply.

## LEGAL STANDARDS AND ANALYSIS

As jurisdictional matters must be resolved first, the Court first turns to Judge Marquis' argument the Court lacks personal jurisdiction over her. *See*, *e.g.*, *United States v. Texas Tech University*, 171 F.3d 279, 285 n. 9 (5th Cir. 1999) ("[C]ourts must . . . decide issues of personal jurisdiction before ruling on the merits.").

### A. Personal Jurisdiction

A federal court can exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with the due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (citations omitted); *see also Wilson v. Belin*, 20 F.3d 644, 646–47 (5th Cir. 1994). Only the latter inquiry need be addressed because the Texas long-arm statute extends to the limits of federal due process. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 n. 1 (5th Cir. 2007); *see also* Tex. Civ. Prac. & Rem. Code § 17.041, *et seq*. (Texas Long Arm Statute).

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant if: (1) the defendant has 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Brown v.*

3

*Slenker*, 220 F.3d 411, 417 (5th Cir. 2000) (citing *Ruston Gas Turbines*, 9 F.3d at 418). For a federal court to exercise personal jurisdiction, "[b]oth prongs of the due process test must be met." *Ruston Gas Turbines*, 9 F.3d at 418.

To satisfy the "minimum contacts" prong of the due process test, the Supreme Court established standards for "specific" and "general" jurisdiction. *Wilson*, 20 F.3d at 647; *Ruston Gas Turbines*, 9 F.3d at 418–19. A court may exercise "specific jurisdiction" when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). When a cause of action does not arise out of a nonresident defendant's purposeful contacts with the forum, however, a court may exercise "general jurisdiction" when the defendant has engaged in continuous and systematic contacts in the forum. *Freudensprung*, 379 F.3d at 345.

Once the plaintiff makes a *prima facie* showing of minimum contacts pursuant to the first prong, the burden then shifts to the defendant to show "the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Freudensprung*, 379 F.3d at 343. In assessing whether the plaintiff makes a *prima facie* showing of minimum contacts, the Court may consider the contents of the record at the time of the motion, including "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985).

Here, Martin does not carry his burden of establishing the Court's personal jurisdiction over Judge Marquis. The party seeking to assert personal jurisdiction—here, Martin—must present sufficient facts to make out a *prima facie* case supporting the exercise of personal jurisdic-

4

tion. *Freudensprung*, 379 F.3d at 343. In other words, in response to Judge Marquis' argument personal jurisdiction is improper, it is Martin's burden to show Judge Marquis in fact had minimum contacts with the state of Texas and that fair play and substantial justice would not be offended by subjecting her to jurisdiction here.

A review of Martin's First Amended Complaint and Response to the Motion reveals Judge Marquis has not engaged in any activities in Texas, let alone any activities that are continuous and systematic. *ECF Nos. 10, 21*. The defendant's relationship with the forum state "must arise out of contacts the 'defendant *[her]self*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (quoting *Burger King*, 471 U.S. 462, 475 (1985)) (emphasis in original). It is well-settled "the *plaintiff* cannot be the only link between the defendant and the forum." *Id*. at 285 (emphasis added). Judge Marquis, a family court judge in Clark County, Nevada, adjudicated a guardianship dispute concerning Martin's minor son. *ECF No. 19-1*. That Martin is from Texas, or the dispute concerned a child who formerly resided in Texas, does not equate to Judge Marquis directing activities toward Texas or purposefully availing herself of the privileges of conducting activities here.

In his Response to the Motion, where Martin had the opportunity to make a showing of minimum contacts, Martin fails to address Judge Marquis' argument the Court lacks personal jurisdiction over her. *ECF Nos. 21*. Instead, Martin asserts the Court possesses jurisdiction over this matter under 42 U.S.C. § 1983. *ECF No. 21 at 3*. However, 42 U.S.C. § 1983 does not confer nationwide service of process or jurisdiction upon federal district courts. *Ray v. Collin Co. Sheriff's Off.*, No. 4:20-CV-856, 2022 WL 18674951 at *3 (E.D. Tex. Nov. 21, 2022); *See also DeMelo v. Toche Marine, Inc.*, 711 F.2d. 1260, 1269 (5th Cir. 1983). Accordingly, the Court concludes Martin fails to make a *prima facie* showing of Judge Marquis' minimum contacts with

Texas pursuant to the first prong of the due process test.

In sum, Martin has not set out any facts showing Judge Marquis has sufficient minimum contacts within the territorial jurisdiction of the Court for the Court to have personal jurisdiction over her. As a result, the Court need not reach Judge Marquis' arguments based upon Rules 12(b)(1), 12(b)(4), and 12(b)(6), though those arguments are well taken.

## CONCLUSION

For the reasons stated, Defendant Judge Linda Marquis' Motion to Dismiss, *ECF No. 19*, is **GRANTED**. **The Clerk of Court is DIRECTED to terminate Judge Linda Marquis as a Defendant in this action.** Martin's Motion to Dismiss the Motion, *ECF No. 21*, construed as a Response, is **DENIED AS MOOT**.

**To facilitate timely receipt of this Order, the Clerk of Court is further DIRECTED to email a copy of this Order to Martin at:**

1) staceybmartin1970@gmail.com

**The Clerk of Court is further DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) Stacey Bernard Martin, 119 Dobbs, San Antonio, Texas 78237

It is so ORDERED.
SIGNED this 3rd day of December, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE