## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**STACEY BERNARD MARTIN,**

    *Plaintiff,*

**v.**

                                        **Case No. 5:24-CV-00647-JKP**

**THE CITY OF LAS VEGAS, CITY HALL; JUDGE LINDA MARQUIS, DALIA MARINA-HUNT, LEGAL AID CENTER OF SOUTHERN NEVADA, INC.; LEGAL AID CENTER OF SOUTHERN NEVADA, INC., ATTORNEY CAMERON BROWN, FORD FRIEDMAN LAW FIRM; ATTORNEY CHRISTOPHER P. FORD, FORD FRIEDMAN LAW FIRM; ATTORNEY TONY T. SMITH, FORD FRIEDMAN LAW FIRM; KIMBERLY B. HOUSE, KASSANDRA LEVAY, CHILD ADVOCACY; TONJA MICHELLE OCHONMA, CHARLES OCHONMA, JUDGE CHRISTINA VASQUEZ HORTICK, JUDGE ROSIE ALVARADO,**

    *Defendants.*

## MEMORANDUM OPINION AND ORDER

Before the Court is two Motions to Dismiss:

1. Defendants Marina Dalia-Hunt and Legal Aid Center of Southern Nevada, Inc.'s (the "LACSN Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (*ECF No. 8*); and

2. Defendants Judge Rosie Alvarado and Judge Christine Vasquez Hortick's (the "Judicial Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (*ECF No. 13*).

Upon consideration, the Court grants the two Motions. *ECF. 8, 13*.

**BACKGROUND**

In his First Amended Complaint, Plaintiff Stacey Bernard Martin ("Martin"), proceeding *pro se*, asserts sweeping allegations of illegal conduct by the 13 named Defendants, claiming they deprived him of access to his son. *ECF No. 10 at 4–18*. Liberally construed, Martin alleges Defendants—individuals and entities involved in Martin's state-court child custody proceedings—are liable under 42 U.S.C. § 1983 for violating his constitutional rights based upon race and gender. *Id.* Martin further alleges Defendants are liable under various federal and state criminal laws. *Id*. As relief, Martin seeks damages and attorney fees in the amount of $141 million dollars, disbarment of attorneys, and a criminal referral to the United States Department of Justice. *Id*.

In response to Martin's allegations, Defendants Marina Dalia-Hunt and Legal Aid Center of Southern Nevada, Inc. (the "LACSN Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), challenging the Court's personal jurisdiction over them. *ECF Nos. 8*. Martin did not initially respond to the LACSN Defendants' Motion to Dismiss. Instead, Martin filed his First Amended Complaint. *ECF No. 10*. In his First Amended Complaint, Martin added Defendants Judge Rosie Alvarado and Judge Christine Vasquez Hortick (the "Judicial Defendants") as parties to this lawsuit. *Id*.

Following these events, the Judicial Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *ECF No. 13*. In the Motion to Dismiss, the Judicial Defendants assert: (1) Martin lacks standing to bring his causes of action against the Judicial Defendants; (2) the Eleventh Amendment deprives the Court of subject matter jurisdiction; (3) Martin's causes of action are barred by judicial immunity; and (4) Martin fails to state a

claim upon which relief may be granted. *Id. at 2–9*. Martin filed a Response to the Motion to Dismiss, and the Judicial Defendants filed a Reply. *ECF Nos. 15, 18*.

Five months after the LACSN Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the LACSN Defendants filed a Supplement to the Motion. *ECF No. 39*. In the Supplement to the Motion, the LACSN Defendants detail compliance with the Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam. Id.*[1] In response, Martin filed a Motion to Dismiss the LACSN Defendants' Motion. *ECF No. 40*. In Martin's Motion to Dismiss the LACSN Defendants' Motion he asserts, among other things, the Court possesses jurisdiction over this matter under 42 U.S.C. § 1983. *Id. at 3*. Martin also asserts he "did not recall" receiving the LACSN Defendants' Motion to Dismiss. *Id. at 1*.

The Court now addresses each of the two Motions in turn. *ECF Nos. 8, 13*. The Court construes Martin's Motion to Dismiss the LACSN Defendants' Motion, *ECF No. 40*, as a Response to the LACSN Defendants' Motion to Dismiss, *ECF No. 8*.

## LEGAL STANDARDS AND ANALYSIS

### I.   Martin's First Amended Complaint

It is a generally accepted principle that the filing of an amended complaint supersedes the prior complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). A motion to dismiss that attacks the superseded complaint may be denied as moot. *See*, *e.g.*, *Mangum v. United Parcel Servs.*, No. 3:09–cv–0385–D, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009). However, a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint. *E.g.*, *Davis v. Baylor Regional*

---

[1]  The Court notes the *Standing Order in Civil Cases Assigned to Judge Jason Pulliam, ECF No. 3*, is applicable only to Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Med. Ctr. at Grapevine*, No. 3:11-cv-1350, 2013 WL 866173, at *1 (N.D. Tex. Mar. 8, 2013) ("If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading." (quoting Charles Alan Wright et al., Fed. Prac. & Proc. § 1476 (2010)).

Here, after the LACSN Defendants filed a Motion to Dismiss, Martin filed his First Amended Complaint. *ECF Nos. 8, 10*. In his First Amended Complaint, Martin added the Judicial Defendants as parties to this lawsuit. *ECF No. 10*. The text regarding the LACSN Defendants in Martin's First Amended Complaint and Martin's Original Complaint remained the same. *Compare ECF No. 1 at 6–11 with ECF No. 10 at 4–9*. As a result, the Court finds and concludes the LACSN Defendants' Motion to Dismiss attacks Martin's Original Complaint for deficiencies related to personal jurisdiction that persist in Martin's First Amended Complaint. *ECF Nos. 1, 8, 10*. Therefore the Court exercises its discretion in applying the LACSN Defendants' Motion to Dismiss to Martin's First Amended Complaint. *ECF Nos. 8, 10*.

## II.    The LACSN Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2)

A federal court can exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with the due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (citations omitted); *see also Wilson v. Belin*, 20 F.3d 644, 646–47 (5th Cir. 1994). Only the latter inquiry need be addressed because the Texas long-arm statute extends to the limits of federal due process. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 n. 1 (5th Cir. 2007); *see also* Tex. Civ. Prac. & Rem. Code § 17.041, *et seq*. (Texas Long Arm Statute).

4

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant if: (1) the defendant has 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Brown v. Slenker*, 220 F.3d 411, 417 (5th Cir. 2000) (citing *Ruston Gas Turbines*, 9 F.3d at 418). For a federal court to exercise personal jurisdiction, "[b]oth prongs of the due process test must be met." *Ruston Gas Turbines*, 9 F.3d at 418.

To satisfy the "minimum contacts" prong of the due process test, the Supreme Court established standards for "specific" and "general" jurisdiction. *Wilson*, 20 F.3d at 647; *Ruston Gas Turbines*, 9 F.3d at 418–19. A court may exercise "specific jurisdiction" when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). When a cause of action does not arise out of a nonresident defendant's purposeful contacts with the forum, however, a court may exercise "general jurisdiction" when the defendant has engaged in continuous and systematic contacts in the forum. *Freudensprung*, 379 F.3d at 345.

Once the plaintiff makes a *prima facie* showing of minimum contacts pursuant to the first prong, the burden then shifts to the defendant to show "the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Freudensprung*, 379 F.3d at 343. In assessing whether the plaintiff makes a *prima facie* showing of minimum contacts, the Court may consider the contents of the record at the time of the motion, including "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985).

Here, Martin does not carry his burden of establishing the Court's personal jurisdiction over the LACSN Defendants. The party seeking to assert personal jurisdiction—here, Martin—must present sufficient facts to make out a *prima facie* case supporting the exercise of personal jurisdiction. *Freudensprung*, 379 F.3d at 343. In other words, in response to the LACSN Defendants' argument personal jurisdiction is improper, it is Martin's burden to show the LACSN Defendants in fact had minimum contacts with the state of Texas and fair play and substantial justice would not be offended by subjecting them to jurisdiction here.

A review of Martin's First Amended Complaint, and Original Complaint, reveals the LACSN Defendants have not engaged in any activities in Texas, let alone any activities that are continuous and systematic. *ECF Nos. 1, 10*. The defendant's relationship with the forum state "must arise out of contacts the 'defendant *[her]self*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (quoting *Burger King*, 471 U.S. 462, 475 (1985)) (emphasis in original). It is well-settled "the *plaintiff* cannot be the only link between the defendant and the forum." *Id*. at 285 (emphasis added). The LACSN Defendants were appointed to represent Martin's minor son in a Petition for Temporary Guardianship filed in Clark County, Nevada. *ECF Nos. 8, 8-1, 8-2*. That Martin is from Texas, or the dispute concerned a child who formerly resided in Texas, does not equate to the LACSN Defendants directing activities toward Texas or purposefully availing themselves of the privileges of conducting activities here.

Martin's Response to the LACSN Defendants' Motion to Dismiss is silent as to Legal Aid Center of Southern Nevada, Inc.'s minimum contacts with Texas, but states Marina Dalia-Hunt "made improper contact with Judge Richard Garcia of the 166th Judicial Court by phone." *ECF No. 40 at 4*. The *prima facie* standard does not require the court to credit conclusory allegations, even if uncontroverted. *CDC Real Est. Corp. v. La Biela, LLC*, No. SA-24-CV-00220-JKP,

2024 WL 3498628 (W.D. Tex. July 22, 2024) (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001); *See also Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n. 16 (5th Cir. 1996). Under this standard, Martin's conclusory allegation is insufficient. *Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed. Appx. 628, 631 (5th Cir. 2015) ("[W]e must determine whether the plaintiffs have established a *prima facie* case of personal jurisdiction through non-conclusory allegations supported by admissible evidence."). It is Martin's burden to establish a *prima facie* case for personal jurisdiction through his pleadings and evidentiary submissions. Martin's sole assertion regarding Marina Dalia-Hunt's minimum contacts with Texas is she made a phone call to Judge Richard Garcia of the 166th Judicial Court. *ECF No. 40 at 4*. Martin produced no evidentiary submissions in support of this conclusory allegation and therefore it is insufficient to establish Marina Dalia-Hunt's minimum contacts with Texas.

Even if the Court found Marina Dalia-Hunt had minimum contacts with Texas, the Court would still decline to exercise personal jurisdiction over her because such jurisdiction would not comport with traditional notions of fair play and substantial justice. Traveling to and from Texas for trial would certainly be costly and burdensome, and it does not appear Marina Dalia-Hunt has previously taken on this burden in her role as an attorney with the Legal Aid Center of Southern Nevada, Inc. *ECF Nos. 8, 8-1, 8-2*. Thus, even if Marina Dalia-Hunt had minimum contacts with Texas, exercising personal jurisdiction over Marina Dalia-Hunt would offend traditional notions of fair play and justice and therefore, would not comport with due process requirements. Accordingly, the Court concludes Martin fails to make a *prima facie* showing of either of the LACSN Defendants' minimum contacts with Texas pursuant to the first prong of the due process test.

To the extent Martin asserts in his Response, First Amended Complaint, and Original Complaint, the Court possesses jurisdiction over this matter under 42 U.S.C. § 1983, the Court

notes 42 U.S.C. § 1983 does not confer nationwide service of process or jurisdiction upon federal district courts. *Ray v. Collin Co. Sheriff's Off.*, No. 4:20-cv-856, 2022 WL 18674951 at \*3 (E.D. Tex. Nov. 21, 2022); *See also DeMelo v. Toche Marine, Inc.*, 711 F.2d. 1260, 1269 (5th Cir. 1983). Martin misconstrues personal jurisdiction and subject matter jurisdiction. The Court notes for Martin, for a court to issue a binding judgment against a defendant, it must have both subject matter and personal jurisdiction over the defendant. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024). A district court has personal jurisdiction over a nonresident defendant if the forum's long-arm statute creates personal jurisdiction over the defendant and this exercise of personal jurisdiction comports with federal due process. *Id.*

In sum, because Martin has not set out any facts showing the LACSN Defendants have sufficient minimum contacts within the territorial jurisdiction of the Court for the Court to have personal jurisdiction over them, the LACSN Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted. *ECF No. 8*. All causes of action against the LACSN Defendants are dismissed without prejudice. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 (5th Cir. 1999) (dismissal for lack of personal jurisdiction is not a judgment on the merits, and thus, is not a dismissal with prejudice).

### III. The Judicial Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

#### A. Official Capacity

The Judicial Defendants correctly assert any causes of action against them in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *ECF No. 13 at 5–6*. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Judge Rosie Alvarado is the Presiding Judge of the 438th District Court of Bexar County, Texas.

*ECF No. 13* at 5. Judge Christine Vasquez Hortick is the Presiding Judge of the 225th District Court of Bexar County, Texas. *Id*. Martin acknowledges Judge Alvarado and Judge Hortick serve as judges for the 438th and 225th District Courts in Bexar County, Texas, in his Response. *ECF No. 15 at 3*. Thus, all causes of action against the Judicial Defendants in their official capacities are dismissed without prejudice. *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (finding the district court properly dismissed all claims against a Texas district judge in his official capacity because of Eleventh Amendment immunity); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188–189 (5th Cir. 1986) (the proper remedy for actions barred by the Eleventh Amendment is dismissal of the case, without prejudice, for lack of subject matter jurisdiction).

### B. Individual Capacity

The Judicial Defendants also correctly assert Martin's causes of action against them are barred because of the doctrine of judicial immunity. *ECF No. 13 at 6–7*. Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles*, 502 U.S. at 11–12).

Here, Martin does not point to any facts showing the Judicial Defendants lacked jurisdiction or the Judicial Defendants acted outside of their juridical role. The only events Martin alleges give rise to his causes of action against the Judicial Defendants occurred during court hearings. *ECF No. 10 at 9–13*. Accordingly, any causes of action against the Judicial Defendants are

dismissed with prejudice under the doctrine of judicial immunity. *See Washington v. Bolin*, 492 F. App'x 470, 472 (5th Cir. 2012) ("Because [plaintiff] has alleged no facts that would support a finding that the judges he sued took any actions outside the court's jurisdiction or that their acts were nonjudicial, [plaintiff]'s claims against [the judges] were properly dismissed on grounds of absolute judicial immunity."); *See also Ballard*, 413 F.3d at 517 (finding district court's grant of motion to dismiss in favor of state-court judge under Rule 12(b)(6) was proper).

## IV.    Leave to Amend

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

In the Judicial Defendants' Motion to Dismiss, they request the Court take judicial notice of another of Martin's cases dismissed by U.S. District Judge Orlando Garcia, *Martin v. Ochonma*, No. SA-23-cv-00079-OLG, 2023 WL 2366750 (W.D. Tex. Mar. 6, 2023), *R.& R. adopted*, No. SA-23-cv-79-OLG, 2023 WL 2656571 (W.D. Tex. Mar. 27, 2023). *ECF No. 13 at 2*. As explained to Martin in that case, "judges are not a proper party to [Martin's] lawsuit. Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity." 2023 WL 2366750, at *2. Based upon these findings and conclusions, the Court will not provide Martin

an opportunity to amend his First Amended Complaint with regards to any causes of action against the Judicial Defendants in their individual capacities.

## CONCLUSION

For the reasons stated, Defendants Marina Dalia-Hunt and Legal Aid Center of Southern Nevada, Inc.'s Motion to Dismiss, *ECF No. 8*, is **GRANTED**. Defendants Judge Rosie Alvarado and Judge Christine Vasquez Hortick's Motion to Dismiss*, ECF No. 13*, is also **GRANTED**.

Defendants Marina Dalia-Hunt and Legal Aid Center of Southern Nevada, Inc.'s Supplement to the Motion, *ECF No. 39*, filed as a Motion is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to terminate Marina Dalia-Hunt, Legal Aid Center of Southern Nevada, Inc., Judge Rosie Alvarado, and Judge Christine Vasquez Hortick as Defendants in this action.

**To facilitate timely receipt of this Order, the Clerk of Court is further DIRECTED to email a copy of this Order to Martin at:**

1)  staceybmartin1970@gmail.com

The Clerk of Court is further **DIRECTED** to add this email address to Martin's contact information on CM/ECF.

**The Clerk of Court is further directed to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) Stacey Bernard Martin, 119 Dobbs, San Antonio, Texas 78237

It is so ORDERED.
SIGNED this 10th day of December, 2024.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE